UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANOOB ABDEL-MALAK,<br><br>  Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO et al.,<br><br>  Defendants. | Case No.:  20-CV-1035-CAB-JLB<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT**<br><br>[Doc. Nos. 2, 3] |

Plaintiff Abanoob Abdel-Malak applies to file a complaint, *in formal pauperis* ("IFP") against a host of defendants, including the Superior Court for the County of San Diego, the City of San Diego, the County of San Diego, and various other government entities and individuals.  The complaint, however, makes scant allegations of anything that these defendants did in this judicial district.  Instead, the complaint appears to concern events that happened in Riverside or San Bernardino Counties and involve the courts and law enforcement of those counties.  Indeed, a search of court dockets on PACER indicates that Plaintiff has filed numerous lawsuits in the Central District of California against various government entities from Riverside and San Bernardino Counties, and that some of these cases remain pending.  All of Plaintiff's lawsuits, including the one before this

Court, all appear to arise out of a domestic violence action against Plaintiff that was filed in Riverside County Superior Court.[1]

## I. Motion to Proceed IFP

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915.  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security.  Civ LR 3.2.a.  Here, Plaintiff's application indicates that Plaintiff's monthly income is less than $400, but also states that Plaintiff owns a 2018 Toyota Prius and has several thousand dollars in monthly expenses.  The application does not explain how Plaintiff affords these expenses with such minimal income.  Thus, if the complaint survived the sua sponte screening required of any complaint filed IFP, the Court would require Plaintiff to provide additional support for his application to demonstrate that he lacks the financial resources to pay the filing fees and still afford the necessities of life.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *see also* 28 U.S.C. § 1915(a).  However, as discussed below, even assuming Plaintiff can satisfy the requirements for filing IFP, the complaint is frivolous and is dismissed on that ground.  Accordingly, the application for leave to proceed IFP is conditionally granted.

## II. *Sua Sponte* Screening

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review and dismissal should the Court

---

[1] *See* Central District of California case numbers 2019cv1808, 2020cv322, 2020cv4783, and 2020cv55277.

determine, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Here, in addition to being largely incomprehensible, the complaint is frivolous because it "merely repeats pending or previously litigated claims." *Dorsey v. Kreep*, No. 18-CV-02588-AJB-MSB, 2019 WL 6037420, at *3 (S.D. Cal. Nov. 14, 2019) (quoting *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)). A review of the federal docket reveals that Plaintiff has filed several complaints against various state government entities and officials within the past year. Several of these other cases were filed and remain pending in the Central District of California, where Plaintiff resides, and where most or all of the alleged wrongful acts in the complaint appear to have occurred. Indeed, the only factual allegations in the complaint in this case concern allegedly false police reports by Riverside police officers and other actions occurring in the Riverside and San Bernardino Courts. Thus, the Central District of California is almost certainly a more appropriate venue for this action as well (assuming this action even differs in any material manner from the actions already pending in that district). In any event, because the other pending actions were filed before this one, the Court exercises its discretion to dismiss this lawsuit in the interest of efficiency and judicial economy.

### III. Disposition

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The motion to proceed IFP [Doc. No. 2] is **GRANTED**;
2. The complaint is **DISMISSED** without leave to amend;

3. The application for permission for electronic filing [Doc. No. 3] is **DENIED AS MOOT**;

4. The Court certifies that an IFP appeal from this order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

5. The Clerk of Court shall close this case.

It is **SO ORDERED**.

Dated: June 8, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge